David W. Criswell, OSB No. 925930
criswelld@lanepowell.com
Andrew J. Geppert, OSB No. 203744
gepperta@lanepowell.com
James B. Zack, *pro hac vice pending*
zackj@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for A. Farber & Partners Ltd.,
Foreign Representative

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Sean Frederick McCoshen,<br><br>  Debtor in a Foreign Proceeding. | Case No. 21-31733-15<br><br>Chapter 15<br><br>**VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF** |

  A. Farber & Partners Ltd., in its capacity as the trustee (the "Trustee") appointed in the Canadian insolvency proceeding of Sean Frederick McCoshen (the "Debtor"), *In the Matter of the Bankruptcy of: Sean Frederick McCoshen*, District of Alberta, Division No. 01-Edmonton, Court No. 24-2746643, Estate No. 24-2746643 (the "Canadian Proceeding"), by and through its counsel, Lane Powell PC, respectfully submits this *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Verified Petition"), together with the Official Form 401 *Chapter 15 Petition for Recognition of a Foreign Proceeding* (the "Form Petition") (ECF No. 1), and requests entry of an order recognizing the Canadian Proceeding as a "foreign main proceeding" pursuant to 11 U.S.C. §§ 1517(b)(1) and 1502(4) and granting additional relief pursuant to 11 U.S.C. § 1521 to preserve and administer the Debtor's assets located in the United States.

//

//

//

PAGE 1 of 16 VERIFIED PETITION FOR RECOGNITION
      OF A FOREIGN MAIN PROCEEDING
      AND RELATED RELIEF

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15 Doc 3 Filed 08/11/21

## I. INTRODUCTION

The Canadian Proceeding commenced on July 19, 2021, when the Debtor was placed into a bankruptcy proceeding under Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "BIA"), and the Trustee was appointed by the Office of the Superintendent of Bankruptcy Canada to administer the Debtor's bankruptcy estate pursuant to the BIA. The Debtor and nearly all of his assets are located in Canada; however, the Debtor also owns valuable assets located in the United States, including real and personal property in Oregon.

The Trustee is hereby petitioning this Court pursuant to 11 U.S.C. § 1515 for recognition of the Canadian Proceeding as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517, so that the Trustee can obtain legal authority and control over the Debtor's assets located in the United States, so as to avoid loss and maximize the potential return to the Debtor's creditors everywhere.

The Canadian Proceeding should be recognized as a "foreign main proceeding" because (i) the Canadian Proceeding is pending in the country where the Debtor's "center of main interest" is located; (ii) the Canadian Proceeding is a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23); (iii) the Trustee is a "foreign representative" within the meaning of 11 U.S.C. § 101(24); and (iv) all other requirements for Chapter 15 recognition are satisfied by the Form Petition and this Verified Petition (together, the "Petition").

## II. JURISDICTION & VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order in respect of it under Article III of the United States Constitution.

Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) because the Debtor's principal assets in the United States are located in Lake Oswego, Oregon. Alternatively, venue is proper in this District pursuant to 28 U.S.C. § 1410(3) because venue here will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the Trustee.

PAGE 2 of 16   VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

The Debtor is eligible to be a debtor under Chapter 15 pursuant to 11 U.S.C. §§ 109(a) and 1501(b) because the Debtor has real and personal property in the United States, and the Trustee is a foreign representative for the Debtor seeking assistance in the United States in connection with a foreign proceeding.

This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1509(a) by the Trustee filing the Petition, applying to this Court pursuant to 11 U.S.C. § 1515 for recognition of the Canadian Proceeding as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 1504, 1509, 1515, 1517, 1520, and 1521.

### III. EVIDENCE RELIED UPON

This Verified Petition relies upon the Form Petition and attachments thereto (ECF No. 1), the Declaration of John Hendriks and exhibits thereto ("Hendriks Decl.") filed concurrently herewith, the Trustee's proposed order attached hereto, and the other papers and pleadings on file in this matter.

### IV. STATEMENT OF FACTS

**A. The Canadian Proceeding.**

The Debtor is a Canadian resident that until recently resided in a residential medical care facility in British Columbia, Canada, and the Debtor's assets and creditors are primarily located in Canada. Hendriks Decl. ¶ 3. The Debtor has resided at properties that he (or one of his corporations) owns or leases throughout Canada, in Vancouver, Edmonton, and Winnipeg. *Id*. The Debtor's "habitual residence" listed in the Form Petition, where he currently resides, is located in Vancouver, British Columbia, Canada. *Id*.

On June 18, 2021, the Debtor filed a Notice of Intention to Make a Proposal, pursuant to Section 50.4(1) of the BIA, and the Trustee was appointed as proposal trustee. *See* Hendriks Decl. ¶ 4, Ex. A.

PAGE 3 of 16  VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

133953.0001/8607104.3

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

On July 19, 2021, after failing to make a proposal, the Debtor was deemed to file an assignment in bankruptcy pursuant to Section 50.4(8)(b.1) of the BIA, and the Trustee was appointed as bankruptcy trustee pursuant to a Certificate of Assignment (the "Assignment") issued by the Office of the Superintendent of Bankruptcy Canada. *See* Hendriks Decl. ¶ 5, Ex. B (Assignment).[1]

B. **The Lake Property.**

The Debtor owns residential real property located in Lake Oswego, Oregon (the "Lake Property"). Hendriks Decl. ¶ 6. The Debtor's interest in the Lake Property is at immediate risk in the following ways:

*Actively Listed for Sale.* The Lake Property has been listed for sale for two months with a listing price slightly under $7 million, and the listing agent has at least one offer in hand. Hendriks Decl. ¶ 8, Ex. C (agent's online listing).

*Mortgage in Arrears.* The secured lienholder, CIBC Bank USA, asserts that it is owed $2,279,486.83, and that its loan is in arrears. Hendriks Decl. ¶ 9, Ex. D (proof of claim form submitted in the Canadian Proceeding).

*Other Liens.* There may be additional liens on the Lake Property, including a lien related to landscaping work completed on the Lake Property. Hendriks Decl. ¶ 10.

*Inadequate Insurance.* The Debtor's insurance on the Lake Property was cancelled due to the Debtor's non-payment, and the secured creditor force-placed insurance that protects its own collateral interest but not the Debtor's equity. Hendriks Decl. ¶ 11.

*Security Concerns and Limited Access.* The Trustee has limited access to the Lake Property to assess whether additional security measures are necessary to preserve the value of the Lake Property or the fixtures and personal property, including any art work, located therein (*e.g.*, lock changes, security systems, periodic site checks, etc.) Hendriks Decl. ¶ 12.

C. **The Porsche.**

---

[1] *See also* ECF No. 1, Attachment 1 (certified copy of Assignment attached to Form Petition).

PAGE 4 of 16    VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

133953.0001/8607104.3

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

The Debtor owns a 1984 Porsche 911 located at the Lake Property (the "Porsche"). Hendriks Decl. ¶ 13. The Debtor purchased the Porsche in 2020 for slightly under $200,000. Hendriks Decl. ¶ 14, Ex. E (Bill of Sale). The Trustee is not aware of any secured debt encumbering the Porsche. Hendriks Decl. ¶ 15.

The Debtor's interest in the Porsche is also at immediate risk, in that the Porsche is located at the Lake Property and the Trustee has limited access to the Lake Property to assess whether additional security measures are necessary to preserve the value of the Porsche (*e.g.*, locate keys or otherwise take control of and secure the Porsche, insurance, etc.). Hendriks Decl. ¶¶ 16-17.

## V. TRUSTEE'S PROPOSED RECOGNITION ORDER

Notwithstanding the worldwide application of the stay imposed by the BIA, there is a risk that the Debtor's assets located in the United States, including the Lake Property and the Porsche, may be subject to enforcement actions by the Debtor's creditors; sold or otherwise transferred without the Trustee's consent, notice to creditors, or Canadian/United States bankruptcy oversight; inadequately protected and insured; or otherwise interfered with by third parties while the Trustee is attempting to investigate, preserve, and administer the Debtor's bankruptcy estate.

To protect against these risks, the Trustee commenced this Chapter 15 case by filing the Petition pursuant to 11 U.S.C. §§ 1504, 1509(a), and 1515(a), and now respectfully petitions the Court for entry of the proposed order attached hereto (the "Recognition Order") granting the following relief:

1. Recognizing the Canadian Proceeding as a "foreign main proceeding" as defined in 11 U.S.C. §§ 1502(4) and 1517(b)(1).

2. Granting the Trustee the relief afforded under 11 U.S.C. § 1520, as is provided by right upon the recognition of the Canadian Proceeding as a foreign main proceeding, including:

    a. Applying 11 U.S.C. §§ 361 and 362 with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States;

    b. Applying 11 U.S.C. §§ 363, 549, and 552 to a transfer of an interest of the Debtor in property that is within the territorial jurisdiction of

PAGE 5 of 16　VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

the United States to the same extent that the sections would apply to property of an estate under another chapter;

  c. Authorizing the Trustee to operate the Debtor's business and exercise the rights and powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552; and

  d. Applying 11 U.S.C. § 552 to property of the Debtor that is within the territorial jurisdiction of the United States.

3. To the extent not granted by 11 U.S.C. § 1520, granting further additional relief as authorized by 11 U.S.C. § 1521(a) including:

  a. Staying the commencement or continuation of an individual action or proceeding concerning the Debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under 11 U.S.C. § 1520;

  b. Staying execution against the Debtor's assets to the extent it has not been stayed under 11 U.S.C. § 1520;

  c. Suspending the right to transfer, encumber or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under 11 U.S.C. § 1520;

  d. Providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the Debtor's assets, affairs, rights, obligations or liabilities;

  e. Entrusting the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to the Trustee; and

  f. Extending relief granted under 11 U.S.C. § 1519(a).

## VI.   LEGAL ANALYSIS

**A.**   **The Canadian Proceeding Should be Recognized as a "Foreign Main Proceeding."**

The Canadian Proceeding should be recognized as a "foreign main proceeding" because (1) the Debtor's "center of main interests" is located in Canada, where the Canadian Proceeding is pending; (2) the Canadian Proceeding is a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23); (3) the Trustee is a "foreign representative" within the meaning of 11 U.S.C. § 101(24);

PAGE 6 of 16 VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15 Doc 3 Filed 08/11/21

and (4) the Petition satisfies all of the procedural and substantive requirements for Chapter 15 recognition.

1. The Debtor's Center of Main Interests is Located in Canada.

The foreign proceeding for which recognition is sought must be either a foreign main proceeding or a foreign non-main proceeding within the meanings proscribed under 11 U.S.C. § 1502. 11 U.S.C. § 1517(a)(1). A "foreign main proceeding" is a foreign proceeding pending in the country where the debtor has its center of its main interests ("COMI"). 11 U.S.C. §§ 1502(4); 1517(b)(1). Therefore, because the Canadian Proceeding is pending in Canada, for the Canadian Proceeding to qualify as a "foreign main proceeding," the Debtor's COMI must be located in Canada. *See*, *e.g.*, *In re Chiang*, 437 B.R. 397, 403 (Bankr. C.D. Cal. 2010) ("To qualify the foreign proceeding as a foreign main proceeding, [the Canadian trustee] must show that debtor's COMI is located in Canada.")

Every debtor must have exactly one COMI, and it must be in a specific country. *Id*. While COMI is not explicitly defined in the Bankruptcy Code, there is a presumption that an individual debtor's COMI is the debtor's "habitual residence." 11 U.S.C. § 1516(c). "Habitual residence" is not defined in the Bankruptcy Code either; however, courts tend to equate the debtor's habitual residence with the debtor's domicile, which is established by physical presence in a location coupled with an intent to remain there indefinitely. *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010).

In this case, the Debtor is a Canadian citizen living in Canada, who initiated insolvency proceedings in Canada, and whose primary assets and creditors are located in Canada. The Debtor has owned the Lake Property since 2019 but does not reside there, and there is nothing else in the record that would even suggest the Debtor's habitual residence could be located in any country other than Canada. The Debtor has resided at properties that he (or one of his corporations) owns or leases throughout Canada, in Vancouver, Edmonton, and Winnipeg. Therefore, in this case, there is a presumption that the Debtor's COMI is located in Canada because the Debtor's habitual residence is located in Vancouver, British Columbia, Canada. *See* ECF No. 1 (Petition § 9, listing "individual debtor's habitual residence" in Canada).

PAGE 7 of 16  TEXT VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

That presumption may only be rebutted by "evidence to the contrary," which would require a party opposing recognition of the Canadian Proceeding as a foreign main proceeding to present evidence showing that the Debtor's COMI is located in a country other than Canada. 11 U.S.C. § 1516(c); *Chiang*, 437 B.R. at 404 ("Section 1516 shifts the burden to the opponent to rebut this presumption.") For individual debtors, courts faced with such a dispute may go beyond the Debtor's habitual residence and consider (i) the location of the debtor's primary assets; (ii) the location of the majority of the debtor's creditors; and (iii) the jurisdiction whose law would apply to most disputes. *In re Ran*, 607 F.3d 1017, 1024 (5th Cir. 2010) (citing *In re Loy*, 380 B.R. 154, 162 (Bankr. E.D. Va. 2007)). In this case, those factors would only further demonstrate that the Debtor's COMI is located in Canada.

2. <u>The Canadian Proceeding is a Foreign Proceeding</u>.

The Bankruptcy Code defines a "foreign proceeding" as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding," that is pending "under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23).

The Canadian Proceeding is "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding" because it is a pending bankruptcy proceeding that commenced as of July 19, 2021, captioned *In the Matter of the Bankruptcy of: Sean Frederick McCoshen*, pursuant to the Assignment issued by the Office of the Superintendent of Bankruptcy Canada, District of Alberta, Division No. 1-Edmonton, Estate No. 24-2746643, Court No. 24-2746643.

The Canadian Proceeding is also pending "under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation" because the Canadian Proceeding was commenced by the Office of the Superintendent of Bankruptcy Canada pursuant to Section 50.4(8)(b.1) of the BIA. The BIA is Canada's primary law relating to insolvency, where

PAGE 8 of 16  VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

133953.0001/8607104.3

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

the Debtor's assets and affairs may be liquidated subject to judicial control or supervision. *See* Jacob S. Ziegel, *Corporate Groups and Crossborder Insolvencies: A Canada - United States Perspective*, 7 Fordham J. Corp. & Fin. L. 367, 372 (2002) ("Canada's basic insolvency rules are found in the [BIA], known before 1992 as the Bankruptcy Act. The forerunner of the present [BIA] was adopted in 1919 and was largely based on the British Bankruptcy Act of 1914.") Specifically, Section 50.4(8)(b.1) of the BIA causes a bankruptcy proceeding to commence with a certificate of assignment "which has the same effect for the purposes of [the BIA] as an assignment filed under section 49." Other courts have consistently recognized Canadian insolvency proceedings as foreign proceedings, including bankruptcy proceedings commenced by assignments under Sections 49 and 50 of the BIA. *See, e.g.*, *In re Chiang*, 437 B.R. 397, 399 (Bankr. C.D. Cal. 2010) (trustee appointed in Canadian bankruptcy proceeding commenced by assignment filed under Section 49 of the BIA obtained Chapter 15 recognition of individual debtor's Canadian bankruptcy proceeding as a "foreign main proceeding").

      3.     <u>The Trustee is a Foreign Representative</u>.

The foreign representative applying for recognition of the foreign proceeding must be "a person or a body… authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. §§ 1517(a)(2), 101(24).

As a corporation, the Trustee qualifies as a "person." 11 U.S.C. § 101(41). The Assignment issued by the Office of the Superintendent of Bankruptcy Canada commenced the Canadian Proceeding and appointed the Trustee as the Debtor's bankruptcy trustee pursuant to Section 50 of the BIA, establishing the Trustee's authority with regard to the Debtor's Canadian bankruptcy estate. ECF No. 1, Attachment 1 (Assignment).

Under the BIA, the general purpose of the Canadian Proceeding and the Trustee's appointment is to administer the liquidation of the Debtor's assets for the benefit of creditors. *See* Ziegel, 7 Fordham J. Corp. & Fin. L. at 393 ("In Canada, the term 'bankruptcy' is usually restricted to liquidation proceedings under Part II of the [BIA]."); *see also, e.g.*, BIA § 17(2) ("For the

PAGE 9 of 16   VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

purpose of obtaining possession of and realizing on the property of the bankrupt, a trustee has power to act as such anywhere.")

To that end, the Trustee is petitioning for Chapter 15 recognition of the Canadian Proceeding, and immediate provisional relief, to protect and preserve the value of the Lake Property, the Porsche, and the Debtor's other assets located in the United States, then liquidate those assets in accordance with applicable Canadian and United States law for the benefit of all creditors. *See* 11 U.S.C. § 1501 (Chapter 15's purpose and objectives include "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors" and "protection and maximization of the value of the debtor's assets"). The Trustee qualifies as a "foreign representative" because the Trustee is petitioning for Chapter 15 recognition of the Canadian Proceeding solely in its official capacity under the BIA and the Assignment.

4. <u>The Petition Satisfies All Requirements for Recognition</u>.

Chapter 15 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Oregon impose certain procedural requirement for Chapter 15 recognition of any foreign proceeding. The Trustee has satisfied all of those requirements in this case:

The Trustee commenced this Chapter 15 case by filing the Petition in the appropriate United States Bankruptcy Court. 11 U.S.C. §§ 1504, 1509(a), and 1515(a); *see* ECF No. 1.

The Petition is accompanied by the Assignment establishing "the existence of such foreign proceeding and the appointment of the foreign representative." 11 U.S.C. § 1515(b)(3); *see* ECF No. 1, Attachment 1 (Assignment).

The Petition is accompanied by "a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative." 11 U.S.C. § 1515(c); *see* ECF No. 1, Attachment 2 (Section 1515(c) Statement).

The Petition is accompanied by "a corporate ownership statement containing the information described in [Federal Rule of Civil Procedure 7.7]." Fed. R. Bankr. P. 1007(a)(4)(A); *see* ECF No. 1, Attachment 3 (Corporate Ownership Statement).

PAGE 10 of 16  VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

133953.0001/8607104.3

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

The Petition is accompanied by "a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under §1519 of the Code." Fed. R. Bankr. P. 1007(a)(4)(B); *see* ECF No. 1, Attachment 4 (Chapter 15 List).

This Verified Petition "state[s] the country where the debtor has its center of main interests" is Canada. Fed. R. Bankr. P. 1004.2(a); *see supra* (VI.A.1 above).

The Trustee will give the appropriate parties in interest "at least 21 days' notice by mail" of the hearing on the Petition. Fed. R. Bankr. P. 2002(q)(1); LBR 2002-1(a)(6). Concurrently with filing the Petition, by separate motion, the Trustee is requesting an expedited hearing to schedule the recognition hearing and approve the Trustee's proposed form of notice and manner of service of the Petition and recognition hearing.

B.     **Related Relief Under 11 U.S.C. §§ 1520 and 1521.**

Upon recognition of the Canadian Proceeding as a foreign main proceeding, all of the relief listed under 11 U.S.C. § 1520(a) will be granted automatically by function of statute:

(1)   sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;

(2)   sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;

(3)   unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and

(4)   section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States.

11 U.S.C. § 1520(a).

In addition to that automatic relief upon "foreign main proceeding" recognition, 11 U.S.C. § 1521 authorizes bankruptcy courts to grant "appropriate" discretionary relief "where necessary

PAGE 11 of 16   VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

133953.0001/8607104.3

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

to effectuate the purpose of [Chapter 15] and to protect the assets of the debtor or the interests of the creditors," including:

- (a)(1) staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a);

- (a)(2) staying execution against the debtor's assets to the extent it has not been stayed under section 1520(a);

- (a)(3) suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);

- (a)(4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities;

- (a)(5) entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative or another person, including an examiner, authorized by the court;

- (a)(6) extending relief granted under section 1519(a); and

- (a)(7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

…

- (b) entrust[ing] the distribution of all or part of the debtor's assets located in the United States to the foreign representative or another person, including an examiner, authorized by the court, provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected.

11 U.S.C. § 1521(a)-(b). The relief under 11 U.S.C. § 1521(a) subsections (1), (2), (3), and (6) requires the application of standards for injunctive relief. 11 U.S.C. § 1521(e).

The "injunction" standard includes four factors: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm; (3) that the balance of equities tips in the movant's favor, and (4) that the relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010). All four factors weigh in favor of entering the Recognition Order granting relief under 11 U.S.C. § 1521.

PAGE 12 of 16 VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

*First*, there is a substantial likelihood that with the relief granted in the Recognition Order, the Trustee will be able to successfully administer the Debtor's assets under the provisions of the Bankruptcy Code in this Chapter 15 case, and under the BIA in the Canadian Proceeding, which will benefit all stakeholders. Under the BIA, the general purpose of the Canadian Proceeding and the Trustee's appointment is to administer the liquidation of the Debtor's assets for the benefit of creditors. *See* Jacob S. Ziegel, *Corporate Groups and Crossborder Insolvencies: A Canada - United States Perspective*, 7 Fordham J. Corp. & Fin. L. 367, 393 ("In Canada, the term 'bankruptcy' is usually restricted to liquidation proceedings under Part II of the [BIA].") The relief available under 11 U.S.C. § 1521 will compliment that purpose as Chapter 15 intends.

*Second*, there is a substantial threat of irreparable harm to the Trustee, in its capacity as the trustee appointed in the Canadian Proceeding, and the Debtor's bankruptcy estate and creditors, if the relief under 11 U.S.C. § 1519 is not granted. The Debtor's interest in the Lake Property is at immediate risk: (i) the Lake Property has been listed for sale for two months with a listing price slightly under $7 million, and the listing agent has at least one offer in hand; (ii) the secured lienholder, CIBC Bank USA, is owed approximately $2,279,486.83, and its loan is in arrears; (iii) the Debtor's insurance on the Lake Property was cancelled due to the Debtor's non-payment, and the secured creditor force-placed insurance that protects its own collateral interest but not the Debtor's equity; and (iv) the Trustee has limited access to the Lake Property to assess whether additional security measures are necessary to preserve the value of the Lake Property or the fixtures and personal property, including any art work, located therein (*e.g.*, lock changes, security systems, periodic site checks, etc.) *See* Hendriks Decl. ¶¶ 6-12. Likewise, the Debtor's interest in the Porsche is also at immediate risk: the Porsche is located at the Lake Property and the Trustee has limited to the Lake Property to assess whether additional security measures are necessary to preserve the value of the Porsche (*e.g.*, locate keys or otherwise take control of and secure the Porsche, insurance, etc.). *See* Hendriks Decl. ¶¶ 13-17.

*Third*, any threatened injury to the Trustee, in its capacity as the trustee appointed in the Canadian Proceeding, and the Debtor's bankruptcy estate and creditors, outweighs any damage

PAGE 13 of 16　VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100　FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15　　Doc 3　　Filed 08/11/21

the relief set forth herein might cause to third parties. The injunctive relief will actually benefit the Debtor's creditors by maximizing the value of the Debtor's assets, ensuring an equitable and orderly distribution of assets, and facilitating the Canadian Proceeding. The Provisional Relief will benefit the Debtor's creditors by maximizing the value of the Debtor's assets within the United States — particularly the Lake Property and the Porsche — and ensure an equitable and orderly distribution of assets as required by the BIA and Chapter 15. The balance of the harms strongly favors granting the relief under 11 U.S.C. § 1521 requested by the Trustee.

*Fourth*, the injunction will not disserve the public interest. The injunctive relief is in the public interest. It sets to facilitate a cross-border reorganization that will provide a benefit to the Debtor's bankruptcy estate. The injunctive relief is supported by notions of comity and will allow the Trustee to preserve the Debtor's assets and maximize value for the Debtor's bankruptcy estate. *See* 11 U.S.C. 150l(a) (purpose of Chapter 15 includes "fair and efficient administration of cross-border insolvencies" and "protection and maximization of the value of the debtor's assets"); *see also Cunard S.S. Co. Ltd. v. Salen Reefer Servs. AB*, 773 F.2d 452, 458 (2d Cir. 1985) ("The granting of comity to a foreign bankruptcy proceeding enables the assets of a debtor to be dispersed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic or piecemeal fashion.")

## VII. NOTICE

Notice of the Petition is being provided to all parties listed on the provisional relief service list attached to the Petition pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4)(B), which includes all the parties entitles to notice under Federal Rule of Bankruptcy Procedure 2002(q)(1), and the Trustee will provide additional notice as directed by the Court. The Trustee is seeking approval of the form of notice and manner of service by separate motion filed concurrently herewith.

## VIII. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter the Trustee's proposed Recognition Order attached hereto as Exhibit A.

PAGE 14 of 16  VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15    Doc 3    Filed 08/11/21

DATED: August 11, 2021

                LANE POWELL PC

                By: */s/David W. Criswell*
                    David W. Criswell, OSB No. 925930
                    Andrew J. Geppert, OSB No. 203744
                    James B. Zack, *pro hac vice pending*
                    Telephone: 503.778.2100
                    Facsimile: 503.778.2200
              Attorneys for A. Farber & Partners Ltd.,
              Foreign Representative

PAGE 15 of 16  VERIFIED PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15   Doc 3   Filed 08/11/21

## VERIFICATION

I, John Hendriks, pursuant to 28 U.S.C. § 1746 and Federal Rule of Bankruptcy Procedure 1008, hereby declare as follows:

1. I am a Managing Director of A. Farber & Partners Ltd., the trustee (the "Trustee") appointed in the Canadian insolvency proceeding of Sean Frederick McCoshen (the "Debtor"), *In the Matter of the Bankruptcy of: Sean Frederick McCoshen*, District of Alberta, Division No. 01-Edmonton, Court No. 24-2746643, Estate No. 24-2746643 (the "Canadian Proceeding").

2. I have full authority to verify the Official Form 401 *Chapter 15 Petition for Recognition of a Foreign Proceeding* (ECF No. 1), including the Certificate of Assignment, Section 1515(c) Statement, Corporate Ownership Statement, and Chapter 15 List attached thereto; and this *Verified Petition for Recognition of Foreign Main Proceed and Related Relief* (together, the "Petition").

3. I have reviewed the Petition and believe the statements therein to be true and correct.

4. To my knowledge, the foreign proceedings with respect to the Debtor include (i) the Canadian Proceeding, (ii) this Chapter 15 case seeking recognition of the Canadian Proceeding as a foreign main proceeding, and (iii) an insolvency proceeding the Trustee intends to commence in Turks and Caicos Islands seeking similar relief recognizing the Canadian Proceeding under applicable cross-border insolvency law.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

EXECUTED: August 11, 2021

John Hendriks, CPA, CA, CIRP, LIT
Managing Director, A. Farber & Partners Ltd.
150 York Street, Suite 1600
Toronto, Ontario, M5H 3S5
Canada

PAGE 16 of 16   VERIFIED PETITION FOR RECOGNITION
OF A FOREIGN MAIN PROCEEDING
AND RELATED RELIEF

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

133953.0001/8607104.3

Case 21-31733-tmb15    Doc 3    Filed 08/11/21